# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )      Case No.  '22 MJ1683
)
Electronic Records Held by TracFone Wireless Inc. d/b/a )
Simple Mobile Relating to the Account Associated with )
the Cellular Telephone Number 619-791-8620 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, incorporated herein by reference.

located in the   Southern   District of   Florida  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952, 960, and 963 | Importation of Controlled Substances |

The application is based on these facts:
See Affidavit of HSI Special Agent Timothy Gorman which is hereby incorporated by reference and made part hereof.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SA *Timothy M. Gorman*
*Applicant's signature*

Timothy Gorman, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   telephone            *(specify reliable electronic means)*.

Date:    05/12/2022

*Barbara L. Major*
*Judge's signature*

City and state:  San Diego, California          Hon. Barbara L. Major, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Timothy Gorman, being duly sworn, state as follows:

### INTRODUCTION

1. This affidavit is in support of an application by the United States of America for a search warrant for TracFone Wireless Inc. d/b/a Simple Mobile, located at 9700 NW 112th Avenue, Miami, FL 33178, as described in Attachment A, to search the account associated with the following cellular telephone number:

**Phone # 619-791-8620**

serviced by TracFone Wireless Inc. d/b/a Simple Mobile and believed to be used by Stephanie HERNANDEZ-Ruiz (hereinafter, the "subject account") for subscriber information, telephone toll data, and cell-site geolocation data from February 1, 2022, up to and including March 6, 2022, as described in Attachment B.

2. I am conducting a criminal investigation into the user(s) and/or subscriber(s) of the subject account which may constitute violations of Title 18, United States Code, Sections 952, 960, and 963, Importation of a Controlled Substance and Conspiracy to Import a Controlled Substance (the "Target Offenses"). As set forth below, there is probable cause that the records and information possessed by TracFone Wireless Inc. d/b/a Simple Mobile constitute evidence, fruits, and instrumentalities of violations of the Target Offenses.

3. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, TracFone Wireless Inc. d/b/a Simple Mobile provides electronic communication services in the form of cellular and wireless telephone service for the subject account. This Court has jurisdiction to issue this warrant because it is "a district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigated." 18 U.S.C. §§ 2703(c)(1)(A), 2711(3)(A).

//

## EXPERIENCE & TRAINING

4. I am a Special Agent with United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed as a special agent since July 2007 and am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am presently assigned to the Asset Identification and Removal Group located in San Diego, CA, that focuses on the seizure and forfeiture of assets as relates to facilitation and proceeds of a criminal organization. I also have extensive experience investigating drug trafficking organizations (DTO's) that traffic narcotics through and along the Southwest Border. In this capacity, I investigate and assist in narcotics cases involving, but not limited to, the purchase, possession, sales, production and distribution of illegal narcotics and the laundering of its proceeds. During my experience in law enforcement, I have had training in investigating the unlawful importation, possession, and distribution of controlled substances. My experience includes arrests, searches, and interviews. I have also worked and consulted with many law enforcement officers experienced in narcotics smuggling investigations. Through my experience and training, I have gained a working knowledge and insight into the normal operational habits of narcotics smugglers, with particular emphasis on those who attempt to import narcotics into the United States from Mexico at the San Diego International Ports of Entry.

5. I attended the Federal Law Enforcement Training Center (FLETC) to receive training to become a Special Agent. I learned fundamentals of criminal investigations. This included, but was not limited to, the gathering of evidence, preservation of a crime scene and the use of electronic evidence. Although the nature of my ongoing work at HSI requires that I keep abreast of recent trends and developments involving Drug Trafficking Organizations (DTO's), I also regularly communicate with agents from the Drug Enforcement Administration (DEA), the

Federal Bureau of Investigation (FBI), U.S. Customs and Border Protection (CBP), as well as other federal agencies. I also hold a bachelor's degree in Business Finance from St. Louis University located in St. Louis, Missouri.

6.   As a federal law enforcement officer, I have received formal training, as well as extensive on-the-job training, relative to the investigation of the importation, transportation, sales, manufacturing, and distribution of controlled substances. As a result of my training and experience, interactions with other agents, Task Force Agents/Officers, and other drug investigators, I have become knowledgeable regarding the distribution and trafficking methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute controlled substances, and to collect, conceal, and transport the financial proceeds that result from such activities. I also have 14 years of prior local and federal law enforcement experience where I have conducted complex investigations related to violations of Federal and State law. In that role, I have conducted search warrants, and made criminal arrests related to a variety of federal and state felony crimes. I also am a graduate of United States Border Patrol Academy, Charleston, South Carolina and the St. Louis Metropolitan Police Department Academy, St. Louis, Missouri.

7.   Based upon my training and experience as an HSI Special Agent, and my consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I further submit the following:

   a.   Drug smugglers use cellular telephones because the devices are mobile and provide instant access to telephone calls, texts, internet, application-based communications platforms (e.g., WhatsApp), and voice messages;

   b.   Drug smugglers use cellular telephones because they can actively monitor the progress of the illegal cargo while the conveyance is in transit;

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

-3-

c.  Drug smugglers and their accomplices use cellular telephones because the phones help them arrange for the delivery of cargo at predetermined locations and monitor / plan for arrival times;

d.  Drug smugglers use cellular telephones to direct couriers to synchronize drop off and pick up times of the illegal cargo;

e.  Drug smugglers use cellular telephones to notify or warn accomplices about law-enforcement activity, such as the presence and posture of marked and perceived unmarked patrol vehicles, or the operational status of border checkpoints and border crossings; and

f.  The use of cellular telephones by smugglers tends to generate evidence through subscriber information, toll data, and locational data stored with the phone's service provider.

8. The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during this investigation. All of the dates, times, and amounts listed in this affidavit are approximate. I set forth only facts necessary to support the issuance of the requested warrants.

## STATEMENT OF PROBABLE CAUSE

9. On March 6, 2022, at approximately 7:20 A.M., Stephanie HERNANDEZ-Ruiz (HERNANDEZ), a United States Citizen, attempted entry into the United States from Mexico through the San Ysidro, California, Port of Entry vehicle primary lane.

1  HERNANDEZ was the driver and sole occupant of a white 2016 KIA Forte bearing
2  California license plates.
3     10.    A Customs and Border Protection Officer received two negative Customs
4  declarations from HERNANDEZ. HERNANDEZ stated she was crossing the border to
5  go to work at the IHOP in San Diego, California. After the vehicle proceeded through
6  the primary inspection lane and was waiting in traffic, a Canine Enforcement Team with
7  the Human and Narcotic Detection Dog conducting primary lane roving operations,
8  alerted to the passenger side rear quarter panel of the vehicle.
9     11.    In secondary inspection, a pat down search of HERNANDEZ revealed
10 two bags of a green leafy substance in the front pocket of HERNANDEZ' sweater
11 with total approximately weight of 2.2 grams (.005 lbs). The green leafy substance
12 tested positive for properties of marijuana.
13     12.    Further inspection of the vehicle resulted in the discovery of 1 package
14 concealed in the right rear door quarter panel and 1 package concealed in the left rear door
15 quarter panel of the vehicle, with a total approximate weight of 1.06 kgs (2.33 lbs). A
16 sample of the substance contained within the packages field tested positive for the
17 characteristics of methamphetamine.
18     13.    HERNANDEZ was placed under arrest at approximately 8:35 A.M.
19     14.    During a post-*Miranda* interview, HERNANDEZ denied knowledge of the
20 methamphetamine in the vehicle. HERNANDEZ claimed to be driving to work at the
21 IHOP in San Diego, California.
22     15.    HERNANDEZ was subsequently charged with Importation of a Controlled
23 Substance in violation of Title 21, United States Code, Sections 952 and 960. The case
24 number is 22-cr-00728-GPC.
25     16.    A black Samsung A11 cellular phone was found in HERNANDEZ'S
26 personal effects and seized at the time of arrest. During the interview, HERNANDEZ
27 was shown the black Samsung A11 cellular phone and identified black Samsung A11
28

-5-

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

cellular phone as belonging to her. HERNANDEZ said the phone number for the black Samsung A11 cellular phone is the subject account.

17. Based upon my experience investigating drug smuggling, my training, and my consultation with other investigators who have experience investigating drug smuggling in near the border, I understand that drug smugglers will seek to smuggle drugs from Mexico to the United States by hiding the drugs in hidden compartments of cars, and in non-factory compartments (i.e., compartments that the manufacturer did not design for ordinary use). Smugglers will then drive north from Mexico and seek to pass through POEs with the drugs undetected. I am also aware that such individuals will sometimes try to generate a history of crossings to show that driving through a POE is ordinary behavior for them. Further, when they arrive in the United States, smugglers will take the drugs to a discreet location to transfer them to other people involved in the distribution chain, who can then send the drugs to other locations for downstream distribution.

18. Based upon my experience and investigation in this case and my experience investigating narcotics smugglers, I believe there is probable cause to believe that data reflecting incoming and outgoing telephone calls and cell-site geolocation data for the subject account, will provide evidence of HERNANDEZ creating a crossing history in preparation for smuggling narcotics, identify other persons involved in narcotics trafficking activity, as well as identify locations of possible stash houses and/or pick-up and drop-off locations.

19. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics. Based on my training and experience, it is also not unusual for individuals to attempt to minimize the amount of time they were

involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. Accordingly, based on the database records of Defendant's crossing history, this warrant seeks information from February 1, 2022, up to and including March 6, 2022.

20. In my training and experience, I have learned TracFone Wireless Inc. d/b/a Simple Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including Cell Site Location Information (CSLI), also known as "tower/face information" or "cell tower/sector records."

21. Based on my training and experience, and my consultation with other law enforcement officers, I also am aware that TracFone Wireless Inc. d/b/a Simple Mobile routinely collects and stores data for the electronic communication accounts to which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

22. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at times.

23. I also know that different providers use the speed with which signals travel between cell phones and cell towers ("per call measurement data," or "PCMD"), as well

-7-

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, AT&T has referred to the resulting location information as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and T-Mobile, as "timing advance" data.

24.   This application requests such per call measurement data (by whatever name the provider uses) for the subject account for the following date and time range: February 1, 2022, up to and including March 6, 2022.

25.   Given these facts, I seek a warrant to search the Account for the records and information in Attachment B.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

26.   The United States has not previously attempted to gather geo-location data regarding the subject account.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

27.  Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28.  Based upon my training and experience, consultation with other law enforcement officers experienced in narcotics investigations, and all the facts and opinions set forth in this Affidavit, there is probable cause to believe that the subject account to be seized, as set forth above and in Section I of Attachment B, will be found in the location described in Attachment A, and will contain evidence of violations of the Target Offenses. Therefore, I respectfully request that the Court issue a warrant authorizing me, or another federal law enforcement agent, to order TracFone Wireless Inc. d/b/a Simple Mobile to search its corporate records for the subject account and to order TracFone Wireless Inc. d/b/a Simple Mobile to deliver the subject account listed in Attachment B.

_____
SA TIMOTHY M. GORMAN
Homeland Security Investigations Special Agent
Department of Homeland Security

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 12th day of May 2022.

_____
Hon. Barbara L. Major
United States MAGISTRATE JUDGE

-9-

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

## ATTACHMENT A

*Item to be Searched*

TracFone Wireless Inc. d/b/a Simple Mobile hosts the electronic communication account associated with the telephone number (619) 791-8620 that is the subject of this search warrant and search warrant application (the "subject account").

TracFone Wireless Inc. d/b/a Simple Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 9700 NW 112th Avenue, Miami, FL 33178 (the "Provider").

## ATTACHMENT B

*Items to be Seized*

I. <u>Service of Warrant</u>

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

II. <u>Items to be Seized</u>

Agents shall seize the following records, data, and information covering February 1, 2022, up to and including March 6, 2022, and maintained by the Provider for the subject account identified in Attachment A:

a. Subscriber information, including:
   i. Names;
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities; and
   viii. Means and source of payment (including any credit card or bank account number) and billing records.

b. Records and other information about past wire or electronic communications sent or received by the subject account, including:
   i. the date and time of the communication;
   ii. the method of the communication;
   iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; and
   iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; and
   v. All available PCMD reports, to include "Real Time Tool" or "RTT" data.

which are evidence of violations of 21 U.S.C. § 952, 960, & 963 (Importation of a Controlled Substance and Conspiracy to Import Controlled Substance)